Per Curiam.

The question presented is whether there was a “sale” of the concrete slabs by The' Marietta Concrete Corporation to Union Carbide & Carbon Corporation, within the meaning of that term as defined by Section 5546-1, General Code (Section 5739.01, Revised Code), in effect during the period here in question.
That section defined “sale” as including “all transactions whereby title or possession, or both, of tangible personal property, is or is to be transferred” and provided that “a construction contract, pursuant to which tangible personal property is or is to be incorporated into a structure or improvement on and becoming a part of real property shall, if the consideration for such incorporation is agreed upon, charged or paid separately from the consideration for the performance of the other obligations of such construction contract, constitute a sale of such tangible personal property. ”
It is clearly shown by the terms of the contract that the consideration for the concrete panels was not only agreed upon separately from the consideration for the performance of the other obligations of the contract but was charged and paid for separately. As such, the contract called for a “sale” within *513 the definition of Section 5546-1, General Code, and the transaction is taxable as such.
The decision of the Board of Tax Appeals is affirmed.

Decision affirmed.

Weygandt, C. J., Zimmerman, Stewart, Taft, Matthias, Bell and Herbert, JJ., concur.